# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1940

_____

Michael Duane Damron,     *
    *
       Appellant     *
    *
       v.     *   Appeal from the United States
    *   District Court for the
North Dakota Commissioner of     *   District of North Dakota.
Corrections, Bismarck, North Dakota;     *
Tim Schuetzle, Warden, ND State     *        [UNPUBLISHED]
Penitentiary; Bob Coad, Deputy     *
Warden (ND); Ingrid Omlid, Education     *
Dir. NDSP; Tammy Barstad, Instructor,     *
NDSP; Dan Wrolstad, Former     *
Education Dir. NDSP; Mike Fluck,     *
Guard, NDSP; Mike Kolden,     *
Caseworker, NDSP; Pat Branson,     *
Guard, NDSP; Dan Ebach, NDSP;     *
Corky Stromme, Security, NDSP,     *
    *
       Appellees.     *

_____

Submitted: April 29, 2005
Filed: May 9, 2005

_____

Before MELLOY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Michael Duane Damron appeals following the district court's[1] grant of summary judgment to defendants in his disability-discrimination and civil-rights action. Damron's notice of appeal is timely only as to the district court's denial of his "Motion for Court to Reconsider," which we construe as a motion under Federal Rule of Civil Procedure 60(b). See Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days after entry of judgment or order); Fed. R. App. P. 4(a)(4)(A)(vi) (Rule 60 motion tolls time to file appeal if motion is filed within 10 days after entry of judgment).

We find the district court did not abuse its discretion in denying Damron's Rule 60(b) motion, as the motion simply reasserted--with somewhat more detail--the arguments he made in opposition to the summary judgment motion. See Arnold v. Wood, 238 F.3d 992, 998 (8th Cir.) (standard of review), cert. denied, 534 U.S. 975 (2001); Watkins v. Lundell, 169 F.3d 540, 544 (8th Cir.) (Rule 60(b) relief is "extraordinary remedy" justified only by "exceptional circumstances"), cert. denied, 528 U.S. 928 (1999); Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999) (Rule 60(b) motion is not for purpose of rearguing, somewhat more fully, merits of claim).

Accordingly, we affirm. We also deny Damron's appellate motion for injunctive relief.

_____

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.