IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alfonso Percy Pew,                          :
                    Appellant               :
                                            :
        v.                                  :
                                            :
Timothy Miller, David Radziewics,           :
Lt. Lytle, Deputy Houser, Deputy            :
Rivello, Capt. Andrews, Supt. Garman,       :
Lt. Sherman, John Doe 1, CO 1, and          :   No. 27 C.D. 2022
John Doe 2, CO 1                            :   Submitted: November 4, 2022


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                 FILED: March 7, 2023


           Alfonso Percy Pew (Pew) appeals, pro se, from the Centre County
Common Pleas Court's (trial court) December 21, 2021 order that overruled in part
and sustained in part Preliminary Objections to Pew's Complaint filed by Prison
Rape Elimination Act (PREA)[1] compliance manager Timothy Miller (Miller), PREA
coordinator David Radziewics (Radziewics), Lieutenant Lytle, Deputy Houser,
Deputy Rivello, Captain Andrews, Superintendent Garman, Lieutenant Sherman,
Corrections Officer 1 (CO1) John Doe 1, and CO1 John Doe 2 (collectively,

_____

[1] 34 U.S.C. §§ 30301-30309. "Pursuant to Department [of Corrections (Department)]
Policy Statement DC-ADM 008, effective April 22, 2019, the Department has implemented PREA
standards and practices to prevent, detect, and respond to inmate reports of sexual abuse and
harassment. *See* []www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/dc-adm-008.pdf
(last visited Sept[.] 29, 2021)." *Winton v. Pa. Dep't of Corr.*, 263 A.3d 1240, 1242 n.1 (Pa.
Cmwlth. 2021).

Appellees), and dismissed Pew's Complaint.[2]  Pew presents four issues for this Court's review: whether the trial court erred by concluding that Pew failed to state valid causes of action under: (1) the Eighth Amendment to the United States (U.S.) Constitution (Eighth Amendment);[3] (2) the First Amendment to the U.S. Constitution (First Amendment);[4] (3) article I, sections 13, 20, and 26 of the Pennsylvania Constitution;[5] and (4) the Americans with Disabilities Act (ADA).[6] After review, this Court affirms.

## Background[7]

Pew is an inmate currently incarcerated at the State Correctional Institution (SCI) at Phoenix, who has been diagnosed with a serious mental illness (SMI) and is a D Roster inmate.[8]  *See* Original Record (O.R.) Item 1 (Complaint) ¶¶ 2, 23.  Appellees are Department of Corrections (Department) employees and/or prison officials at SCI-Rockview who were generally responsible for Pew's care and are specifically responsible for protecting him from sexual abuse.  *See* Complaint ¶¶ 3-10.

In November 2020, while Pew was incarcerated at SCI-Rockview, PREA manager Miller and PREA coordinator Radziewics were aware that, in October 2020, Pew had reported to the Pennsylvania Office of Inspector General

---

[2] Appellees' full names are not included in the record before this Court.

[3] U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.").

[4] U.S. CONST. amend. I ("Congress shall make no law . . . abridging . . . the right of the people . . . to petition the [g]overnment for a redress of grievance.").

[5] PA. CONST. art. I, §§ 13, 20, 26.

[6] 42 U.S.C. §§ 12101-12213.

[7] The facts are as alleged in the Complaint.

[8] *D Roster* inmates are individuals who are "diagnosed with a serious mental illness, intellectual disability, [or] credible functional impairment, or have been adjudicated as guilty but mentally ill." www.cor.pa.gov/Documents/DOC-Recommendation-for-Closure-of-SCI-Retreat.pdf (last visited Mar. 6, 2023).

that SCI-Rockview prison officials were covering up PREA complaints and bribing indigent inmates to sign off on complaints. *See* Complaint ¶¶ 19-20; *see also* Complaint Exs. F, G. On December 24, 2020, Pew filed an Inmate Request to Staff Member claiming PREA retaliation on December 17 and 23, 2020. *See* Complaint Ex. G. In a December 30, 2020 response, Pew was notified that the form had been forwarded to security. *See id.*

In January 2021, CO1 John Doe 1 and CO1 John Doe 2 circulated rumors among SCI-Rockview inmates and other corrections officers that Pew "rapes little kids" and is a "child molester." Complaint ¶ 11; *see also* Complaint ¶ 12. On January 29, 2021, Pew filed Grievance No. 913568 lodging a PREA complaint alleging sexual harassment and seeking a cell change and protection in the form of "hand[-]held cameras for all escorts [to meals, showers, and groups,] due to [his] life being in danger." *See* Complaint ¶ 15; *see also* Complaint ¶¶ 13, 25 and Complaint Exs. A-C, G. In particular, Pew felt he was in imminent danger of being attacked by the inmate in an adjoining cell. *See* Complaint ¶ 25. Appellees failed to investigate Pew's PREA complaints, and denied his protection requests. *See* Complaint ¶¶ 13-17, 25; *see also* Complaint Ex. D. On January 31, 2021, Pew filed Grievance No. 913042, making a PREA retaliation complaint, claiming that Appellees retaliated against him by denying him weekly use of the email kiosk and withholding his personal television. *See* Complaint ¶¶ 18-24; *see also* Complaint Exs. E-I.

On May 11, 2021, Pew filed an Inmate Request to Staff Member seeking a response to Grievance No. 913568, and mentioned his concern for his safety. *See* Complaint ¶ 17; *see also* Complaint Ex. D. On May 14, 2021, SCI-Rockview staff responded: "This allegation was a single incident of sexual harassment that has been tracked but not investigated." Complaint Ex. D. Also on May 11, 2021, Pew filed an Inmate Request to Staff Member seeking a response to

3

Grievance No. 913042, again referring to his fear for his safety. *See* Complaint ¶ 22; *see also* Complaint Ex. I. On May 14, 2021, SCI-Rockview staff answered that Pew's "allegations of retaliation were investigated . . . and were deemed to be unfounded." Complaint Ex. I.

On June 3, 2021, Pew filed the Complaint in the trial court (Docket No. 2021-1264) pursuant to Section 1 of the Civil Rights Act of 1871, 42 U.S.C. § 1983 (Section 1983),[9] seeking declaratory and injunctive relief and compensatory and punitive damages on the basis that Appellees violated his rights under the First, Eighth, and Fourteenth Amendments (Fourteenth Amendment) to the U.S. Constitution,[10] article I, sections 13, 20, and 26 of the Pennsylvania Constitution, and the ADA by refusing to investigate his sexual harassment claims and by retaliating against him for making those claims. *See* Complaint at 9-10. Also on June 3, 2021, Pew filed an Application for Leave to Proceed *In Forma Pauperis*, which the trial court granted. *See* O.R. Items 2, 4.[11]

---

[9] Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any [s]tate . . . subjects, or causes to be subjected, any citizen of the [U.S.] or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.

[10] U.S. CONST. amend. XIV, § 1 (The Due Process Clause provides: "No [s]tate . . . shall . . . deprive any person of life, liberty, or property, without due process of law[.]").

[11] Pew also filed a sworn Affidavit of Imminent Danger of Serious Bodily Physical Injury (Affidavit). *See* O.R. Item 1. The Affidavit and related exhibits reflect Pew's reporting of a May 15, 2021 "assault and battery and sex crime against [him]." O.R. Item 1 at 21; *see also* O.R. Item 1 at 20, 22-42.

Notably, although Pew's Application for Leave to Proceed *In Forma Pauperis* reflects that it is related to Docket No. 2021-126**4**, the Affidavit listed Docket No. 2021-126**0** (*Pew v. Timothy Miller, C.C.P.M., President Judge Pamela A. Ruest*). The trial court nevertheless accepted the Affidavit as part of Pew's June 3, 2021 Complaint filing at Docket No. 2021-1264 ("42 U.S.C. [§] 1983 CIVIL RIGHTS COMPLAINT FOR INJUNCTIVE RELIEF, MONTARY [sic] DAMAGES AND

4

On July 14, 2021, Appellees filed the Preliminary Objections, raising the following demurrers: (1) the Complaint should be dismissed under the *three strikes* provision in Section 6602(f)(1) of the statute commonly known as the Prison Litigation Reform Act, 42 Pa.C.S. § 6602(f)(1) (three strikes rule) (First Preliminary Objection); (2) Pew failed to allege sufficient facts to establish Appellees' personal involvement in the alleged wrongdoing (Second Preliminary Objection); (3) Pew failed to state a valid claim for injunctive relief (Third Preliminary Objection); (4) Pew failed to state a valid Eighth Amendment claim (Fourth Preliminary Objection); (5) Pew failed to state a valid First Amendment retaliation claim (Fifth Preliminary Objection); (6) Pew failed to state a valid Pennsylvania Constitution violation claim (Sixth Preliminary Objection); and (7) Pew failed to state a valid ADA claim (Seventh Preliminary Objection). *See* O.R. Item 5 (Preliminary Objections). On August 4, 2021, Pew opposed the Preliminary Objections. *See* O.R. Item 7.

On December 21, 2021, the trial court overruled the First, Second, and Third Preliminary Objections, concluding that Pew's Complaint did not violate the three strikes rule, and Pew alleged sufficient facts to establish Appellees' personal involvement in the alleged wrongdoing and for injunctive relief. *See* O.R. Item 13 (Trial Ct. Op.). The trial court sustained the Fourth, Fifth, Sixth, and Seventh Preliminary Objections. *See id.* Because the trial court sustained the Preliminary Objections to Pew's substantive claims, it dismissed Pew's Complaint on the basis that "[Pew] fail[ed] to state any viable claim of a federal constitutional or statutory

_____

DECLARATORY JUDGMENT WITH SIGNED SWORN NOTARIZED AFFIDAVIT OF IMMINENT DANGER OF SERIOUS BODILY PHYSICAL HARM AND DOCUMENTS [sic] EXHIBITS DISPLAYING ON[]GOING SEXUAL AND PHYSICAL IMMINENT DANGER OF SERIOUS BODILY HARM FILED." O.R. Item 1 at 1.); *see also* O.R. Item 19. However, Pew did not reference or incorporate by reference the May 15, 2021 incident or related documentation in the Complaint. Accordingly, the trial court concluded in its December 21, 2021 opinion: "These allegations [of sexual assault and abuse on May 15, 2021,] do not appear in [Pew's] Complaint, and it is unclear what, if any, connection they might have to [Appellees'] alleged conduct as set forth in the Complaint." Trial Ct. Op. at 6 n.1.

violation that could serve as the predicate for a [Section] 1983 claim in any event."[12] *See id*. at 3. On January 6, 2022, Pew appealed to this Court.[13]

On January 26, 2022, the trial court ordered Pew to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b), which he did on February 10, 2022. *See* O.R. Items 15, 16. On February 14, 2022, the trial court filed a Statement pursuant to Rule 1925(a), adopting its December 21, 2021 opinion. *See* O.R. Item 17.

## Discussion

> "The question presented in a demurrer is whether, on the facts averred, the law indicates with certainty that no recovery is possible. In reviewing a [trial] court's decision to grant a demurrer, our Court's standard of review is de novo." *Stilp v. Gen. Assembly*, . . . 974 A.2d 491, 494 ([Pa.] 2009) (citations omitted). Thus, we will affirm a trial court's order sustaining preliminary objections and dismissal of a complaint "only in cases that are clear and free from doubt that the law will not permit recovery" by the appellant. *Cap. City Lodge No. 12, Fraternal Ord. of Police v. City of Harrisburg*, . . . 588 A.2d 584, 586-87 ([Pa. Cmwlth.] 1991). In ruling on preliminary objections in the nature of a demurrer, this Court accepts as true all well-pleaded facts in the complaint and draws all inferences reasonably deducible therefrom in favor of the nonmoving party. *Stone & Edwards Ins. Agency, Inc. v. Dep't of Ins.*, . . . 616 A.2d 1060, 1063 ([Pa. Cmwlth.] 1992). However, we "need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id*. . . . And, in

---

[12] In addition, "Section 1983 actions against state officials in their official capacity that seek only monetary damages are [] barred, as such a suit against a state official in his official capacity constitutes [a] suit against the state itself." *Watkins v. Pa. Dep't of Corr.*, 196 A.3d 272, 275 (Pa. Cmwlth. 2018) (citations omitted).

[13] "Our review of a trial court's order sustaining preliminary objections and dismissing a complaint is limited to determining whether the trial court abused its discretion or committed an error of law." *Ward v. Potteiger*, 142 A.3d 139, 142 n.6 (Pa. Cmwlth. 2016) (quoting *Pub. Advoc. v. Brunwasser*, 22 A.3d 261, 266 n.5 (Pa. Cmwlth. 2011)).

the face of doubt, our resolution should be in favor of reversing the grant of the demurrer.

*Vasquez v. Berks Cnty.*, 279 A.3d 59, 75-76 (Pa. Cmwlth. 2022).

"When ruling on a demurrer, a court must confine its analysis to the complaint." *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). "Thus, the court may determine only whether, on the basis of the plaintiff's allegations, he or she possesses a cause of action recognized at law." *Fraternal Ord. of Police Lodge No. 5, by McNesby v. City of Phila.*, 267 A.3d 531, 541 (Pa. Cmwlth. 2021). "[D]ocuments attached as exhibits [and] documents referenced in the complaint, as well as facts already of record[,] may also be considered." *Id*. at 542.

Pew first argues that the trial court erred by concluding that he failed to state a valid cause of action under the Eighth Amendment.[14]

Initially, "[alt]hough 'confinement and the needs of the penal institution impose limitations on constitutional rights . . . ,' *Jones v.* [*N.C.*] *Prisoners' Lab*[.] *Union, Inc.*, 433 U.S. 119, 125 . . . (1977), . . . 'incarceration does not divest prisoners of all constitutional protections.' *Shaw v. Murphy*, 532 U.S. 223, 228 . . . (2001)." *Nunez v. Blough*, 283 A.3d 413, 423 (Pa. Cmwlth. 2022). "The Eighth Amendment, which applies to the [s]tates through the Due Process Clause of the Fourteenth

---

[14] Pew also broadly referenced in his Complaint that Appellees violated article I, section 13 of the Pennsylvania Constitution, *see* Complaint at 9, which similarly provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted." PA. CONST. art. I, § 13.

> "Pennsylvania courts have repeatedly and unanimously held that the Pennsylvania prohibition against cruel and unusual punishment is coextensive with the Eighth and Fourteenth Amendments . . . , and that the Pennsylvania Constitution affords no broader protection against excessive sentences than that provided by the Eighth Amendment . . . ." *Commonwealth v. Elia*, 83 A.3d 254, 267 (Pa. Super. 2013) (citation and internal quotation marks omitted). Accordingly, we only need to review [Pew's] claim under the Eighth Amendment.

*Commonwealth v. Ishankulov*, 275 A.3d 498, 505 (Pa. Super. 2022).

7

Amendment, prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991) (citation omitted). The Eighth Amendment not only restrains prison officials from using excessive force against prisoners, but "imposes duties on these officials . . . [to] provide humane conditions of confinement[,] . . . [i.e., they] must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates[.]' *Hudson v. Palmer*, 468 U.S. 517, 526-[]27 . . . (1984)." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

In *Farmer*, the U.S. Supreme Court observed:

> [**A**] **prison official violates the Eighth Amendment only when two requirements are met**. First, the deprivation alleged must be, objectively, "sufficiently serious," *Wilson*, . . . 501 U.S.[] at 298 . . . ; *see also Hudson v. McMillian*, . . . 503 U.S.[ 1,] 5 . . . [(1992)]; a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities," *Rhodes*[ *v. Chapman*] . . . , 452 U.S.[ 337,] 347 . . . [(1981)]. For a claim (like the one here) based on a failure to prevent harm, **the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm**. *See Helling* [*v. McKinney*] . . . , 509 U.S.[ 25,] 35 [(1993)] . . . .
>
> The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Wilson*, 501 U.S.[] at 297 . . . (internal quotation marks, emphasis, and citations omitted). To violate the [Eighth Amendment], **a prison official** must have a "sufficiently culpable state of mind." [*Id.*]; *see also id.*[] at 302-[]03 . . . [;] *Hudson v. McMillian* . . . , 503 U.S.[] at 8 . . . . In prison-conditions cases that **state of mind is one of "deliberate indifference" to inmate health or safety**, *Wilson*, . . . 501 U.S.[] at 302-[]03 . . . [;] *see also Helling* . . . ; *Hudson v. McMillian* . . . ; *Estelle* [*v. Gamble*], . . . 429 U.S.[ 97,] 106 [(1976).]

*Id*. at 834 (emphasis added; footnote omitted).

8

> A substantial risk of serious harm is one in which the risk is "so great that it is almost certain to materialize if nothing is done." *Delgado v. Stegall*, 367 F.3d 668, 672 (7th Cir. 2004). "Vague threats communicating a general risk of violence are not sufficiently substantial under the standard." *Willie v. Pugh*[] (E.D. Wis., No. 13-cv-1024-pp, filed Aug[.] 16, 2016), slip op. at 6. Similarly, a prison official's mere knowledge of vague threats against an inmate is not sufficient to make it clear to the official that such information presents a substantial risk of serious harm to the prisoner. [*See*] *Armstrong v. Price*, 190 F[.] App'x[] 350 . . . (5th Cir. 2006) (unpublished); *see* [*also*] *Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008) ("The facts of this case make clear our reason for requiring more than general allegations of fear . . . .").

*Horan v. Newingham* (Pa. Cmwlth. No. 2622 C.D. 2015, filed Oct. 24, 2016), slip op. at 16-17.[15]

> [W]hether a prison official was deliberately indifferent is [] subjective [], requiring the demonstration of a state of mind akin to criminal recklessness, and . . . a prisoner must establish that: (i) the prison official knew of and disregarded an excessive risk to inmate health or safety; (ii) the prison official was aware of facts from which an inference could be drawn that a substantial risk of serious harm exists; and (iii) the prison official drew the inference. [*Farmer*,] 511 U.S. at 837, 840 . . . . The [*Farmer*] Court also emphasized that the duty of a prison official under the Eighth Amendment is to ensure reasonable safety and that prison officials who respond reasonably to the alleged risk cannot be found liable under the Eighth Amendment, even where the measures taken by prison officials failed to abate the substantial risk. *Id*. at 844-[]45[.]

*Tindell v. Dep't of Corr.*, 87 A.3d 1029, 1039-40 (Pa. Cmwlth. 2014) (footnote omitted).

---

[15] Unreported decisions of this Court issued after January 15, 2008, may be cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a). The unreported decisions herein are cited for their persuasive value.

Here, Pew alleged in the Complaint that Appellees failed to take measures to protect his safety, despite that he "[wa]s being subjected to discrimatory [sic] cruel punishment," Complaint ¶ 2; was "in imminent danger of physical harm," Complaint ¶ 11; was at risk of serious harm, *see* Complaint ¶ 15 and Complaint at 6; and was "in danger of imminent attack" at the hands of the adjoining cell occupant. Complaint ¶ 25. Pew did not allege that he had been threatened, nor did he state facts demonstrating a "risk [] so great that it [wa]s almost certain to materialize if [Appellees did not protect him]."[16] *Horan*, slip op. at 16 (quoting *Delgado*, 367 F.3d at 672). Rather, he pled "[v]ague threats communicating a general risk of violence" that "are not sufficiently substantial under the [substantial risk of serious harm] standard." *Horan*, slip op. at 16-17 (quoting *Willie*, slip op. at 6).

This Court acknowledges that "[t]he allegations of a *pro se* complainant are held to a less stringent standard than that applied to pleadings filed by attorneys[, and i]f a fair reading of the complaint shows that the complainant has pleaded facts

---

[16] This Court may not consider Pew's Affidavit and related exhibits, because neither the trial court nor this Court may consider facts and documents not included in the Complaint. *See Torres*. Those documents were filed relative to a different case on the trial court's docket. Although the trial court "may take judicial notice on its own[,]" or "if a party requests it[,]" Pennsylvania Rule of Evidence 201(c), "a court may not ordinarily take judicial notice in one case of the records of another case, whether in another court or its own, even though the contents of those records may be known to the court." *Styers v. Bedford Grange Mut. Ins. Co.*, 900 A.2d 895, 899 (Pa. Super. 2006) (quoting *220 P'ship v. Phila. Elec. Co.*, 650 A.2d 1094, 1097 (Pa. Super. 1994)). A limited exception to that general rule allows "a court to take notice of a fact which the parties have admitted or which is incorporated into the complaint by reference to a prior court action." *Guarrasi v. Scott*, 25 A.3d 394, 398 n.3 (Pa. Cmwlth. 2011) (quoting *Styers*, 900 A.2d at 899). However, because Pew did not allege in the Complaint, nor in the documents attached thereto or referenced therein, that he was physically assaulted on May 15, 2021, and Appellees have not admitted to that claim, the limited exception does not apply. Therefore, this Court may not take judicial notice of the Affidavit and/or its attachments.

Even if this Court determined that the Affidavit supported that Pew was at substantial risk of serious harm, the Complaint does not specify if or how Appellees acted with deliberate indifference (i.e., that Appellees drew the inference that Pew was at substantial risk of serious harm, but disregarded it).

that may entitle him to relief, the preliminary objections will be overruled." *Danysh v. Dep't of Corr.*, 845 A.2d 260, 262-63 (Pa. Cmwlth. 2004), *aff'd*, 881 A.2d 1263 (Pa. 2005) (citation omitted). Further, Pew need not allege that he *has been* harmed. *See Helling*, 509 U.S. at 33 ("[T]he Eighth Amendment protects against future harm to inmates[.]"); *see also Horan*, slip op. at 16 ("Although [an inmate] did not sustain any physical contact or bodily injury, he . . . need not wait until an actual assault takes place to gain protection on a failure to protect theory. *See Riley v. Jeffes*, 777 F.2d 143 . . . (3d Cir. 1985)."). Moreover, this Court does not take lightly Pew's claims that CO1 John Doe 1 and CO1 John Doe 2 spread rumors that Pew "rapes little kids" and is a "child molester[,]" Complaint ¶ 11; *see also* Complaint ¶ 12, or that Pew felt unsafe.

> However, without any additional detail and context, [Pew's] **cursory and vague allegations of** [perceived] **threats are insufficient to demonstrate that** [**Pew**] **faced a substantial risk of serious harm** . . . . *See also Klebanowski*, 540 F.3d at 639-40 (concluding that a prisoner failed to prove that the defendants were aware of a particular threat where the prisoner did not provide sufficient detail regarding the threat; "[w]ithout these additional facts to rely on, there was nothing leading the officers to believe that [the prisoner] himself was not speculating regarding the threat he faced[.]").

*Horan*, slip op. at 17-18 (emphasis added). Consequently, accepting the well-pleaded facts in the Complaint and the incorporated exhibits and inferences reasonably deducible therefrom as true, Pew failed to state an Eighth Amendment violation claim against Appellees upon which relief could be granted. Accordingly, the trial court properly sustained Appellees' Fourth Preliminary Objection.

Pew next argues that the trial court erred by concluding that Pew failed to state a valid cause of action under the First Amendment.

11

At the outset, "confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment[.]" *Nunez*, 283 A.3d at 423 (quoting *Jones*, 433 U.S. at 125). Notwithstanding, "a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Nunez*, 283 A.3d at 423 (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). Specifically, "[t]he rights secured by the First Amendment, which include prisoners' ability to file administrative grievances and legal actions, are enforceable at the state level by virtue of the Fourteenth Amendment's Due Process Clause." *Nunez*, 283 A.3d at 421 n.9.

The *Nunez* Court explained that, in order for an inmate to establish a valid First Amendment retaliation claim, he

> must show by a preponderance of the evidence that[:] [(1) he] engaged in constitutionally protected conduct[; (2)] prison officials took adverse action[; (3)] the protected conduct was a substantial or motivating factor for the action . . . [; and (4)] the retaliatory action [did] not advance legitimate penological goals. [*See*] *Yount v. Dep't of Corr.*, . . . 966 A.2d 1115 . . . ([Pa.] 2009). The burden of proof remains upon the inmate at all times in the context of a retaliation claim of this nature. [*See i*]*d*. at 1121.

*Id*. at 422 (quotation marks omitted).

Here, the trial court "interpret[ed] [Appellees'] demurrer as taking issue with the second and fourth prongs of the test for a viable retaliation claim."[17] Trial

---

[17] Pew satisfied the first factor because his "filing of [the PREA complaints and/or grievances] was . . . constitutionally protected conduct." *Nunez*, 283 A.3d at 423. Pew arguably satisfied the second factor because he pled that Appellees took adverse action against him. Pew does not claim, and neither the Complaint nor the documents incorporated therein clearly reflect facts (i.e., timing and/or pattern, *see id*.) that would allow the trial court or this Court to determine whether the protected conduct was a substantial or motivating factor for Appellees' alleged actions.

12

Ct. Op. at 7. However, "this Court need not decide whether the facts averred in [an inmate's] complaint satisfy the first three prongs . . . [where] the alleged facts are insufficient to meet the fourth prong . . . ." *Richardson v. Wetzel*, 74 A.3d 353, 357 (Pa. Cmwlth. 2013).

> To satisfy the fourth factor,
>
> > **an inmate must**, **at minimum**, **aver facts from which an inference could be drawn that the retaliatory actions did not further a legitimate penological goal**. *Richardson* . . . , 74 A.3d [at] 358 . . . . "Claims of retaliation fail if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule." *Horan* . . . , slip op. at 9 . . . (quoting *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008)).

*Nunez*, 283 A.3d at 426 (emphasis added; footnote omitted). Thus, "the final element for a First Amendment retaliation claim places the burden of proof on the [inmate] to affirmatively disprove that the [prison officials' adverse] action did not further a legitimate penological goal." *Horan*, slip op. at 8. "[T]he reason for this requirement stems from the 'potential for abuse' inherent in retaliation claims and also a policy of judicial deference to the prison officials' 'legitimate interest in the effective management of a detention facility.'" *Id*. (quoting *Yount*, 966 A.2d at 1120).

In-cell television and email kiosk use are privileges to which SCI inmates may be entitled, but prison officials may rescind those privileges based on the inmate's violation of the Department's rules.[18] Here, Pew asserted only that

---

[18] Section III.A.1 of the Department's 2017 Inmate Handbook declares: "[Inmate] use of the cable television system is a privilege. Misuse of the system or violation of the rules may lead to denial of this privilege as well as legal action against [the inmate]." *Id*. at 11; www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/2017%20DOC%20Inmate%20Handbook.pdf (last visited Mar. 6, 2023). Section 2.B.1.d of the Department's DC-ADM 801 provides loss of "specified privileges," including in-cell television and email kiosk access, can result from discipline for rule violations. *Id*. at 2-2;

13

Appellees denied him access to the email kiosk to deter him from filing complaints. *See* Complaint ¶ 23. He did not aver in either the Complaint or the incorporated documents that he held television and/or email kiosk privileges in the first instance, nor did he declare that Appellees' removal of those privileges constituted adverse actions that "[did] not advance legitimate penological goals." *Nunez*, 283 A.3d at 422. Therefore, it is impossible to know based on the Complaint whether retaliation was the only possible reason for Appellees' actions. "[I]n the absence of sufficient factual averments to establish that [Appellees prohibiting Pew's in-cell television and email kiosk use] did not further a legitimate penological goal," Pew failed to state a valid cause of action against Appellees upon which relief may be granted under the First Amendment. *Richardson*, 74 A.3d at 359. Accordingly, the trial court properly sustained Appellees' Fifth Preliminary Objection.

Pew next argues that the trial court erred by concluding that Pew failed to state valid causes of action under article I, sections 13, 20, and 26 of the Pennsylvania Constitution.

Pew generally pled in his Complaint that Appellees violated article I, sections 20 and 26 of the Pennsylvania Constitution. *See* Complaint at 9. Article I, section 20 of the Pennsylvania Constitution states: "The citizens have a right in a peaceable manner to assemble together for their common good, and to apply to those invested with the powers of government for redress of grievances or other proper purposes, by petition, address or remonstrance." PA. CONST. art. I, § 20. Article I, section 26 of the Pennsylvania Constitution specifies: "Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right." PA. CONST. art. I, § 26.

---

www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/801%20Inmate%20Discipline.pdf (last visited Mar. 6, 2023).

14

Pew does not articulate in the Complaint or the incorporated exhibits how Appellees may have violated his rights under article I, sections 20 and 26 of the Pennsylvania Constitution. Without sufficient specific facts, the Court is constrained to conclude that Pew failed to state a cause of action. Moreover, courts "need not accept as true conclusions of law" when ruling on preliminary objections in the nature of a demurrer. *Vasquez*, 279 A.3d at 76 (quoting *Stone & Edwards Ins. Agency, Inc.*, 616 A.2d at 1063). Further, to the extent Pew intended his Pennsylvania Constitution violation claims as an extension of his First Amendment violation claim, his Pennsylvania Constitution violation claims also fail.

Thus, accepting the well-pleaded facts in the Complaint and the incorporated exhibits as true, Pew failed to state a valid claim against Appellees for which relief could be granted under article I, sections 20 and 26 of the Pennsylvania Constitution. Accordingly, the trial court properly sustained Appellees' Sixth Preliminary Objection.

Pew next argues that the trial court erred by concluding that Pew failed to state valid causes of action under the ADA.[19]

Congress's purpose in enacting the ADA was "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). Relative to Title II, Section 12132 of the ADA specifies, in relevant part: "[N]o qualified individual with a disability[20] shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be

---

[19] Pew identified in his response to the Preliminary Objections that his claim was made under Title II of the ADA.

[20] *Qualified individual with a disability* is defined in Section 12131(2) of the ADA as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).

15

subjected to discrimination by any such [public] entity." 42 U.S.C. § 12132. This Court has explained:

> To establish a violation of Title II of the ADA, a petitioner must show that: (1) he "is a qualified individual with a disability;" (2) he "was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against;" and (3) "such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Pesce* [*v. Coppinger*], 355 F. Supp. 3d [35,] 45 [(D. Mass. 2018)] (quoting *Parker v. Universidad de Puerto Rico*, 225 F.3d 1, 5 (1st Cir. 2000)).

*Rokita v. Pa. Dep't of Corr.*, 273 A.3d 1260, 1272 (Pa. Cmwlth. 2022). Section 12131(1)(B) of the ADA defines *public entity* as "any department, agency, . . . or other instrumentality of a [s]tate . . . ." 42 U.S.C. § 12131(1)(B). "[S]tate prisons fall within the definition of a 'public entity,' and [] inmates may bring ADA claims against state prisons." *Rokita*, 273 A.3d at 1272.

Here, although Pew did not specify in the Complaint and appended documents whether Appellees were acting in their official or individual capacities,[21] he alleged that Appellees denied him in-cell television and email kiosk access in retaliation for his PREA complaints. Pew did not assert that Appellees excluded him, denied him benefits or otherwise discriminated against him "by reason of [his] disability [(i.e., serious mental illness)]." *Rokita*, 273 A.3d at 1272 (quoting *Pesce*, 355 F. Supp. 3d at 45). Therefore, accepting the well-pleaded facts in the Complaint and the incorporated exhibits as true, Pew failed to state a valid cause of action against Appellees upon which relief may be granted under Title II of the ADA.

---

[21] "The Eighth Circuit has held that individuals may not be sued in their individual capacities directly under the provisions of Title II of the ADA. *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir.1999)." *Damron v. N.D. Comm'r of Corr.*, 299 F. Supp. 2d 970, 976 (D.N.D. 2004), *aff'd sub nom. Damron v. N.D. Comm'r of Corr., Bismarck, N.D.*, 127 F. App'x 909 (8th Cir. 2005).

Accordingly, the trial court properly sustained Appellees' Seventh Preliminary Objection.

**Conclusion**

Accepting as true all well-pleaded material allegations in the Complaint, as well as all inferences reasonably deduced therefrom, as this Court must, it is "'clear and free from doubt that the law will not permit recovery' by [Pew]" for violations of the Eighth Amendment, First Amendment, article I, sections 13, 20 and 26 of the Pennsylvania Constitution, or Title II of the ADA. *Vasquez*, 279 A.3d at 76 (quoting *Cap. City Lodge No. 12*, 588 A.2d at 587). Because Pew failed to state a claim for which any substantive relief could be granted under those legal theories, this Court affirms the trial court's order.

_____

ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alfonso Percy Pew,              :
           Appellant      :
                          :
        v.                 :
                          :
Timothy Miller, David Radziewics,  :
Lt. Lytle, Deputy Houser, Deputy   :
Rivello, Capt. Andrews, Supt. Garman, :
Lt. Sherman, John Doe 1, CO 1, and  :   No. 27 C.D. 2022
John Doe 2, CO 1              :

# O R D E R

AND NOW, this 7th day of March, 2023, the Centre County Common

Pleas Court's December 21, 2021 order is affirmed.

 

_____
ANNE E. COVEY, Judge